# Exhibit 2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FAIR ISAAC CORPORATION,

    Plaintiff/Counterclaim Defendant,

v.

TRANS UNION LLC,

    Defendant/Counterclaim Plaintiff.

No. 17-cv-08318

Hon. Sharon Johnson Coleman

**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>MOTION TO REASSIGN CASES AS RELATED</u>**

**TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................................... 1
II.  PROCEDURAL BACKGROUND ............................................................................... 1
III. ARGUMENT ................................................................................................................. 4
  A. The Cases Are Related ............................................................................................... 4
  B. The Conditions for Reassignment Are Met .............................................................. 7
IV. CONCLUSION ............................................................................................................ 10

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**
*DBD Franchising, Inc. v. DeLaurentis*,
 No. 09 C 669, 2009 U.S. Dist. LEXIS 52890 (N.D. Ill. June 23, 2009) ...............................7, 9

*Fairbanks Capital Corp. v. Jenkins*,
 No. 02 C 3930, 2002 U.S. Dist. LEXIS 26297 (N.D. Ill. Dec. 3, 2002) .......................5, 6, 7, 9

*Hollinger, Int'l, Inc. v. Hollinger, Inc.*,
 No. 04 C 0698, 2004 U.S. Dist. LEXIS 7883 (N.D. Ill. May 5, 2004) .................................7, 8

*Karamelion v. Elexa Consumer Prods., Inc.*,
 No. 19-cv-06329, ECF No. 23 (N.D. Ill. Jan. 29, 2020)............................................................7

*KPASA, LLC v. U.S.*,
 No. 04 C 109, 2004 U.S. Dist. Lexis 8720 (N.D. Ill. May 17, 2004) .......................................3

*Martin v. Midland Funding LLC*,
 No. 11 C 3104, 2011 U.S. Dist. Lexis 97789 (N.D. Ill. Aug. 31, 2011) ...................................6

*In re Midland Credit Mgmt. Inc., Telephone Consumer Protection Act Litig.*,
 818 F. Supp. 2d 1377 (2011) ....................................................................................................6

*Murry v. America's Mortg. Banc, Inc.*,
 No. 03 C 5811, 2004 U.S. Dist. Lexis (N.D. Ill. Mar. 1, 2004).......................................5, 7, 9

*Teamsters Local 705 Pension v. A.D. Conner, Inc.*,
 No. 10 C 6352, 2011 U.S. Dist. LEXIS 47853 (N.D. Ill. May 4, 2011) ...............................7, 8

*Williams v. Walsh Constr.*,
 No. 05 C 6807, 2007 U.S. Dist. LEXIS 3970 (N.D. Ill. Jan. 16, 2007) ....................................9

Pursuant to Northern District of Illinois Local Rule 40.4, Movants, Plaintiffs in five pending proposed class actions (the "Class Actions") assigned to other judges in this District,[1] respectfully move for entry of an order finding that their cases are related to the above-captioned action and, accordingly, should be reassigned to this calendar because this is the earliest-numbered case. In support of their motion, Movants state:

## I. INTRODUCTION

Movants filed actions against Fair Isaac Corporation ("Fair Isaac"), the counterclaim defendant in this action, for conduct that is substantially identical to that alleged in the counterclaim brought here by Trans Union LLC ("TransUnion"). Each alleges that Fair Isaac violated federal antitrust laws in its monopolization, and attempted monopolization, of the business-to-business market for credit scores in the United States. The same issues of fact and law arise in all of these actions, presenting a textbook example of related matters. Moreover, the present action has not progressed to the point that any substantial delay would result by reassigning the related cases: written discovery is in progress but has not been substantially completed. Reassignment would result in a substantial saving of judicial time and effort, and avoid the risk of conflicting legal rulings, as these matters all involve the same legal issues, documents, and witnesses.

## II. PROCEDURAL BACKGROUND

On November 16, 2017, Fair Isaac filed its complaint in this action, alleging that, *inter alia*, TransUnion breached its contract with Fair Isaac and infringed its copyrights. (ECF No. 1.) On February 12, 2018, TransUnion filed the public version of its counterclaims, alleging that Fair

---

[1] Movants include Sky Federal Credit Union, First Choice Federal Credit Union, Amalgamated Bank, Alcoa Community Federal Credit Union, and Getten Credit Company.

1

Isaac violated federal and state antitrust laws by, *inter alia*, monopolizing and attempting to monopolize the business-to-business credit score market in the United States. (ECF No. 38.) On March 27, 2019, the Court largely denied Fair Isaac's motion to dismiss TransUnion's antitrust counterclaims. (ECF No. 96.)

On April 2, 2020, Sky Federal Credit Union filed its class action complaint against Fair Isaac for violations of federal and state antitrust laws, including the monopolization and attempted monopolization of the business-to-business credit score market in the United States, in *Sky Federal Credit Union v. Fair Isaac Corp.*, No. 20-cv-02114 (the "*Sky* Case"), which was assigned to Judge Chang. A copy of the *Sky* Case complaint is attached as Exhibit A. Concurrent with its complaint, the Plaintiff filed a Notice of Related Case, informing Judge Chang that the *Sky* Case was related to this action. *Id.*, ECF No. 4.

On April 23, 2020, First Choice Federal Credit Union filed its class action complaint against Fair Isaac for violations of federal antitrust laws, including the monopolization and attempted monopolization of the business-to-business credit score market in the United States, in *First Choice Federal Credit Union v. Fair Isaac Corp.*, No. 20-cv-02516 (the "*First Choice* Case"), which was assigned to Judge Pallmeyer. A copy of the *First Choice* Case complaint is attached as Exhibit B.

On April 24, 2020, Amalgamated Bank filed its class action complaint against Fair Isaac for violations of federal and state antitrust laws, including the monopolization and attempted monopolization of the business-to-business credit score market in the United States, in *Amalgamated Bank v. Fair Isaac Corp.*, No. 20-cv-02533 (the "*Amalgamated* Case"), which was assigned to Judge Chang. A copy of the *Amalgamated* Case complaint is attached as Exhibit C.

On April 27, 2020, Alcoa Community Federal Credit Union filed its class action complaint against Fair Isaac for violations of federal and state antitrust laws, including the monopolization and attempted monopolization of the business-to-business credit score market in the United States, in *Alcoa Community Federal Credit Union v. Fair Isaac Corp.*, No. 20-cv-02559 (the "*Alcoa* Case"), which was assigned to Judge Norgle. A copy of the *Alcoa* Case complaint is attached as Exhibit D.

On April 30, 2020, Getten Credit Company filed its complaint against Fair Isaac for violations of federal and state antitrust laws, including the monopolization and attempted monopolization of the business-to-business credit score market in the United States in *Getten Credit Company v. Fair Isaac Corp.*, No. 20-cv-02651 (the "*Getten* Case"), which was assigned to Judge Guzman. A copy of the *Getten* Case complaint is attached as Exhibit E.

On April 29, 2020, Fair Isaac made a motion (the "Fair Isaac Motion," attached, without exhibits, as Exhibit F) in the *Sky* Case to reassign the *First Choice* and *Alcoa* Cases, and to consolidate the Class Actions. However, rather than have the cases assigned to the judge with the earliest-numbered case, as required by Local Rule 40.4, Fair Isaac seeks to have them assigned to Judge Chang, to whom two of the later-filed cases are currently assigned. (*Id.* at 1.)² On May 1, 2020, Judge Chang entered an order in the *Sky* Case (ECF No. 27), providing that, if any of the

---

²     Although Local Rule 40.4 states that motions for reassignment "should not generally be filed until after the answer or motions in lieu of answer have been filed in each of the proceedings involved" – which is not the case here – this is "[i]n order that all parties to a proceeding be permitted to respond on the questions of relatedness and possible reassignment." L.R. 40.4(c). Here, Fair Isaac not only has the opportunity to respond, but has itself sought reassignment (albeit to the wrong judge). In such circumstances, pre-answer reassignment is proper. *See KPASA, LLC v. U.S.*, No. 04 C 109, 2004 U.S. Dist. Lexis 8720, at *13-*14 (N.D. Ill. May 17, 2004) (Exhibit G )("That interest [in giving all parties opportunity to respond] is simply not implicated here, where the defendant has clearly weighed in on the issue of the cases' relatedness and has, in fact, agreed that the cases are related and should be consolidated.").

Class Action plaintiffs filed a motion to reassign the cases to this action, then any response to the Fair Isaac Motion is suspended.

## III. ARGUMENT

Pursuant to Local Rule 40.4, cases should be reassigned to a single judge if: (i) they are related; and (ii) the practical conditions for reassignment are met. L.R. 40.4(a), (b). Both are true here.

### A. The Cases Are Related

Cases are related if, *inter alia*, they "involve some of the same issues of fact or law," or "grow out of the same transaction or occurrence." L.R. 40.4(a)(2)-(3).[3] The Class Actions, like the present action, all center on Fair Isaac's anticompetitive conduct, in monopolizing the market for business-to-business credit scores. Indeed, the monopolization allegations made in each of the Class Actions is based in substantial part on TransUnion's counterclaim in this action and on the investigation of Fair Isaac by the Antitrust Division of the United States Department of Justice, which was itself based on TransUnion's counterclaims here. *See* Press Release, FICO, *FICO Statement Regarding Antitrust Investigation* (Mar. 15, 2020), https://www.fico.com/en/newsroom/fico-statement-regarding-antitrust-investigation.

Hence, as would be expected, a predominant portion of the factual and legal issues involved in the Class Actions overlap with those in this matter. Like TransUnion, Plaintiffs in the Class Actions allege that Fair Isaac monopolized the market for business-to-business credit scores. They allege the same relevant market. They allege the same bases for concluding that Fair Isaac has

---

[3] Fair Isaac itself agrees that the Class Actions are related to each other. (Fair Isaac Motion at 3.) As additional support for that conclusion, Fair Isaac noted there that the Class Actions also involve substantially the same class, which independently supports a finding of relatedness. L.R. 40.4(a)(4).

4

monopoly power. They also allege the same anticompetitive actions by Fair Isaac to maintain and extend its monopoly, including: (i) imposing anticompetitive agreements on credit reporting agencies, including the "No Equivalent Products" and "Level Playing Field" provisions; (ii) use of a pricing scheme that prevents lenders from using both FICO and competing credit scores, *i.e.*, the "Dynamic Royalty Schedule" and "Pre-Qualification" royalty category; and (iii) employing a false and misleading public relations campaign against VantageScore, Fair Isaac's primary competitor. These are not only the "same issues of fact or law," but also "grow out of the same transaction or occurrence," in that they involve the same agreements that Fair Isaac executes with the credit reporting bureaus.

Anticipating this motion, Fair Isaac argued in its own motion to assign the Class Actions to Judge Chang that they are not related to the present matter, because: (i) this action also involves some matters specific to the commercial dispute between TransUnion and Fair Isaac; (ii) the Class Actions include some legal theories not alleged in this action; and (iii) this is not a class action. (Fair Isaac Motion at 5.) These dissimilarities do not change the fact that these matters are related. As the governing rule itself says, only "some" of the same issues need overlap for the cases to be related, and here the overlapping issues predominate. L.R. 40.4(a)(2); *see Murry v. America's Mortg. Banc, Inc.*, No. 03 C 5811, 2004 U.S. Dist. Lexis, at *6 (N.D. Ill. Mar. 1, 2004) (Exhibit H) ("[T]he rule does not require complete identity of issues in order for cases to be considered related.").

Moreover, Fair Isaac's first and third objections were squarely rejected in *Fairbanks Capital Corp. v. Jenkins*, No. 02 C 3930, 2002 U.S. Dist. LEXIS 26297 (N.D. Ill. Dec. 3, 2002) (Exhibit I). The plaintiff lenders there sought to foreclose on the defendant mortgagors, who brought counterclaims based on the Truth in Lending Act. *Id.,* at *2-*3. Considering a motion to

reassign later-filed actions, against the same lenders for the same practices, the court held that it was of no moment that: (i) the foreclosure claims of the lenders' own complaint were unrelated to the later-filed cases, and (ii) the later-filed cases were putative class actions. *Id.*, at \*9-\*11. At most, the latter was an argument that the cases should not be fully consolidated, which is a different issue. *Id.*, at \*11.

The cases cited by Fair Isaac are not to the contrary; they involve situations where there was a much smaller overlap in parties and legal theories. In *Martin v. Midland Funding LLC*, No. 11 C 3104, 2011 U.S. Dist. Lexis 97789 (N.D. Ill. Aug. 31, 2011) (Exhibit J), the cases involved different defendants, different theories of liability for each defendant, and legal claims with different factual bases. *Id.*, at \*4-\*5. By contrast, here, the Class Actions have the same Defendant as TransUnion's counterclaim and involve the same theory of liability with the same factual basis – the additional claims of the Class Actions are causes of action based on the same facts already at issue.[4] Fair Isaac also failed to disclose that, ultimately, the actions for which reassignment had been sought in *Martin* **were** centralized and transferred to the Southern District of California for pretrial proceedings: "we find that these four actions involve common questions of fact, and that centralization . . . will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation." *In re Midland Credit Mgmt. Inc., Telephone Consumer Protection Act Litig.*, 818 F. Supp. 2d 1377, 1377-78 (2011).

Finally, it is telling that Fair Isaac does not argue that these differences mean that the matters are not related under L.R. 40.4(a), but only that there would not be a substantial savings

---

[4] In *Martin*, there were also two different class actions with substantial differences in the class definitions, requiring two separate approaches to class discovery. *Id.*, at \*5. Here, as the TransUnion claim is not a class action, there is no risk of conducting inconsistent class discovery in the same proceeding. (*See* Fair Isaac Motion at 3, asserting that the class definitions in the Class Actions are the same.)

6

of judicial time and effort – one of the "conditions for reassignment" issue under L.R. 40.4(b). *See Teamsters Local 705 Pension v. A.D. Conner, Inc.*, No. 10 C 6352, 2011 U.S. Dist. LEXIS 47853, at *3 (N.D. Ill. May 4, 2011) (Exhibit K) (cited by Fair Isaac, but finding that the cases *were* related under L.R. 40.4(a)); *Hollinger, Int'l, Inc. v. Hollinger, Inc.*, No. 04 C 0698, 2004 U.S. Dist. LEXIS 7883, at *4-*5 (N.D. Ill. May 5, 2004) (Exhibit L) (cited by Fair Isaac, but considering only whether L.R. 40.4(b) had been met); *Karamelion v. Elexa Consumer Prods., Inc.*, No. 19-cv-06329, ECF No. 23 (N.D. Ill. Jan. 29, 2020) (Exhibit M) (same).

### B. The Conditions for Reassignment Are Met

A related case may be reassigned if four requirements are met: (1) the cases are pending in this Court; (2) the handling of the cases by one judge "is likely to result in a substantial saving of judicial time and effort"; (3) "the earlier case has not progressed to the point" that reassignment "would be likely to delay the proceedings in the earlier case substantially"; and (4) "the cases are susceptible of disposition in a single proceeding." L.R. 40.4(b). All are met here.

First, there is no question that all of the cases are pending here in the Northern District of Illinois.

Second, reassignment to one judge will very likely result in a substantial saving of judicial time and effort, because the related cases all involve substantially the same claims, against the same defendant, based on the same conduct. When "[n]one of the cases can be disposed of without determining the legality" of the defendant's conduct, "significant judicial efficiency will result from having one judge handle all . . . of the cases." *Fairbanks Capital*, 2002 U.S. Dist. LEXIS 26297, at *8. Indeed, to do otherwise would risk "numerous and disparate decisions, as well as multiple appeals," which is detrimental to the "overall administration of justice." *Id.*, at *8-*9. *See also Murry*, 2004 U.S. Dist. LEXIS 3148, at *6-*7 ("With the reassignment . . . only one judge will need to rule on the dispositive motions filed by defendants. . . ."); *DBD Franchising, Inc. v.*

7

*DeLaurentis*, No. 09 C 669, 2009 U.S. Dist. LEXIS 52890, at *19 (N.D. Ill. June 23, 2009) (Exhibit N) ("The disposition of both cases will require a court to consider the meaning of and the facts surrounding the Agreement. If one judge handles both cases, judicial resources will be saved.").

The cases upon which Fair Isaac relies are inapposite; the judicial efficiencies were found to be minimal because, unlike here, the cases involved fundamentally distinct causes of action, with different discovery and different elements. *See Teamsters Local 705 Pension*, 2011 U.S. Dist. LEXIS 47853, at *3-*5 ("[T]he causes of action are fundamentally distinct as they are brought . . . pursuant to two different statutes, and each requires proof of different factual elements."); *Hollinger*, 2004 U.S. Dist. LEXIS 7883, at *8 ("The actions involve 'fundamentally distinct' claims – breach of common law duties and securities law claims – which will require different discovery and legal findings.").

Third, reassignment is not likely to cause substantial delay in these proceedings. Fair Isaac cites the fact that this matter has been pending for three years, and that written discovery and document production "would have been" subject to a substantial completion deadline if not for the COVID-19-related automatic extensions that have, so far, pushed that date into June.[5] However, notwithstanding the three years that this matter has been pending, as a result of the parties' procedural maneuvering, multiple motions on the pleadings, and repeated failed attempts at settlement, this matter is still at the written discovery stage.

There is also reason to expect that, if reassigned, the Class Actions would proceed at an accelerated pace. The Court has already ruled on the legal sufficiency of allegations substantially the same as those in the Class Actions. Significant efficiencies in discovery would also be realized,

---

[5] Tellingly, Fair Isaac does *not* represent that written discovery and document production have ***actually been*** completed, or even that they will be completed by the new deadline.

8

as Fair Isaac has, no doubt, already produced, or been requested to produce, most of the materials the Class Action Plaintiffs would seek. Written discovery can proceed during the COVID-19 extensions. This distinguishes the present situation from that in *Williams v. Walsh Constr.*, No. 05 C 6807, 2007 U.S. Dist. LEXIS 3970 (N.D. Ill. Jan. 16, 2007) (Exhibit O), upon which Fair Isaac relies. Unlike here, the later-filed class action in *Williams* involved claims that were much broader in scope than the earlier-filed individual action; the requisite "extensive" additional discovery in the class action would have taken months beyond not only the imminent discovery cutoff in the earlier case, but also the scheduled trial date. *Id.,* at *7-*8. Here, there is no deadline for the close of discovery (only a scheduled date for "substantial completion" of written discovery), nor has a trial date been set. Certainly, these related actions could be managed to avoid a substantial delay in the current matter.

Fourth, these cases are capable of disposition in a single proceeding. This element is met when the cases have outcome-determinative issues in common, and the core evidence is admissible in all of the actions. *Fairbanks Capital*, 2002 U.S. Dist. LEXIS 26297, at *10-*11; *DBD Franchising*, 2009 U.S. Dist. LEXIS 52890, at *21 ("Both cases involve essentially the same parties, similar factual issues, and the same Agreement. Additionally, we think it is highly likely that the same witnesses will be called in both cases. Accordingly, it appears that the cases are susceptible to disposition in a single proceeding."); *Murry*, 2004 U.S. Dist. LEXIS 3148, at *7-*8 (holding cases susceptible of disposition in a single proceeding because they both required a determination of whether the same conduct of defendant complied with governing law).[6] This is certainly true here, as all of the actions turn on whether Fair Isaac's imposition of the challenged

---

[6] By contrast, in *Karamelion*, upon which Fair Isaac relies, the cases involved allegations of patent infringement by ***different products***, which obviously required different proofs. No. 19-cv-06329, ECF No. 23.

9

contractual terms and pricing scheme, and dissemination of false information about its principal competitor, violated the antitrust laws. Substantially the same evidence – the same documents and the same witnesses – will be central to this determination in the present action and in the Class Actions.

IV. CONCLUSION

The Class Actions and this action are extraordinarily closely related. The allegations are virtually the same. Per Local Rule 40.4, the Class Actions should be reassigned to this calendar to achieve the significant efficiencies that would result for the benefit of the Court and the parties alike. Wherefore, Movants respectfully request that the Court enter an Order finding that the Class Actions are related to each other and to this action, and that the Class Actions should be reassigned to this calendar, and providing such other and further relief as the Court deems proper.

Dated: May 4, 2020

Respectfully submitted,

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

 s/ Joseph P. Guglielmo
Joseph P. Guglielmo (N.D. Ill. No. 2759819)
Peter A. Barile III (N.D. Ill. No. 4364295)
Justin W. Batten
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-6444
Facsimile: 212-223-6334
jgugliemo@scott-scott.com
pbarile@scott-scott.com
jbatten@scott-scott.com

Christopher M. Burke
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619-233-4565
Facsimile: 619-233-0508
cburke@scott-scott.com

George A. Zelcs (Ill. Bar No. 3123738)
Randall P. Ewing, Jr. (Ill. Bar No. 6294238)
Ryan Z. Cortazar (Ill. Bar No. 6323766)
**KOREIN TILLERY, LLC**
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Telephone: 312-641-9750
Facsimile: 312-641-9751
gzelcs@koreintillery.com
rewing@koreintillery.com
rcortazar@koreintillery.com

Steven M. Berezney (N.D. Ill. Bar No. 56091)
Michael E. Klenov (Ill. Bar No. 6300228)
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: 314-241-4844
Facsimile: 314-241-3525
sberezney@koreintillery.com
mklenov@koreintillery.com

*Counsel for Plaintiff Sky Federal Credit Union*

Steven F. Molo
Lisa W. Bohl
**MOLOLAMKEN LLP**
300 N. LaSalle Street, Suite 5350
Chicago, IL 60654
Telephone: 312-450-6700
Facsimile: 312-450-6701
smolo@mololamken.com
lbohl@mololamken.com

11

Lauren M. Weinstein
**MOLOLAMKEN LLP**
600 New Hampshire Avenue, N.W., Suite 500
Washington, D.C. 20037
Telephone: 202-556-2000
Facsimile: 202-556-2001
lweinstein@mololamken.com

Gary F. Lynch
**CARLSON LYNCH LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Telephone: 412-322-9243
Facsimile: 412-231-0246
glynch@carlsonlynch.com

Katrina Carroll
**CARLSON LYNCH LLP**
111 W. Wacker Drive, Suite 1240
Chicago, IL 60602
Telephone: 312-750-1265
kcarroll@carlsonlynch.com

*Counsel for Plaintiff First Choice Federal Credit Union*

Jennifer W. Sprengel (Ill. Bar No. 06204446)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
150 S. Wacker, Suite 3000
Chicago, IL 60606
Telephone: 312-782-4880
jsprengel@caffertyclobes.com

Barbara J. Hart
Christian Levis
Frank Strangeman
Andrea Farah
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: 914-997-0500
bhart@lowey.com
clevis@lowey.com
fstrangeman@lowey.com
afarah@lowey.com

*Counsel for Plaintiff Amalgamated Bank*

Paul E. Slater
Joseph M. Vanek
Michael G. Dickler
Matthew T. Slater
**SPERLING & SLATER, P.C.**
55 West Monroe Street, Suite 3200
Chicago, IL 60603
Telephone: 312-641-3200
pes@sperling-law.com
jvanek@sperling-law.com
mdickler@sperling-law.com
mslater@sperling-law.com

Linda P. Nussbaum
Bart D. Cohen
**NUSSBAUM LAW GROUP, P.C.**
1211 Avenue of the Americas, 40th Floor
New York, NY 10036
Telephone: 917-438-9102
lnussbaum@nussbaumpc.com
bcohen@nussbaumpc.com

13

Michael L. Roberts
Karen Sharp Halbert
**ROBERTS LAW FIRM, P.A.**
20 Rahling Circle
Little Rock, AR 72223
Telephone: 501-821-5575
mikeroberts@robertslawfirm.us
karenhalbert@robertslawfirm.us

*Counsel for Plaintiff Alcoa Community Federal Credit Union*

Kenneth A. Wexler
Melinda J. Morales
Michelle Perkovic
**WEXLER WALLACE LLP**
55 W. Monroe Street, Suite 3300
Chicago, IL 60603
Telephone: 312-346-2222
kaw@wexlerwallace.com
mjm@wexlerwallace.com
mp@wexlerwallace.com

Daniel E. Gustafson
Daniel C. Hedlund
Michelle J. Looby
Joshua J. Rissman
Ling S. Wang
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: 612-333-8844
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
mlooby@gustafsongluek.com
jrissman@gustafsongluek.com
lwang@gustafsongluek.com

Dennis Stewart
**GUSTAFSON GLUEK PLLC**
600 B Street, 17th Floor
San Diego, CA 92101
Telephone: 619-595-3299
dstewart@gustafsongluek.com

14

*Counsel for Plaintiff Getten Credit Company*

15

## CERTIFICATE OF SERVICE

I, Joseph P. Guglielmo, an attorney, hereby certify that the foregoing **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REASSIGN CASES AS RELATED** was electronically filed on May 4, 2020, and will be served electronically via the Court's ECF Notice system upon the registered parties of record.

                                           s/ Joseph P. Guglielmo
                                          Joseph P. Guglielmo (N.D. Ill. No. 2759819)